## Árgüeso *v.* Rossner.

### Apelación procedente de la Corte de Distrito de Humacao.

No. 60. Resuelto en Marzo 30, 1905.

Obligaciones.—Novación.—La circunstancia de que el acreedor hubiere convenido en dejar en suspenso ó aplazado el pago de su crédito hasta tanto que el deudor cumpliera ciertas condiciones que se impusiera respecto de otros créditos, no implica una novación ó modificación de la obligación principal, la que simplemente dejó de ser exigible mientras el deudor cumpliera la condición convenida, quedando, en su defecto, el acreedor, en aptitud de exigir el pago de su crédito.

Id.—Extinción de las obligaciones.—La novación es uno de los medios de extinguir las obligaciones, según el artículo 1124 del Código Civil.

Id.—La circunstancia de que el cumplimiento de una obligación quedare en suspenso por voluntad de una de las partes, hasta que el deudor cumpla determinadas condiciones, no implica que el cumplimiento de dicha obligación dependa de un suceso futuro ó incierto, á los efectos del art. 1080 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Vías Ochoteco.*

El Juez Asociado Sr. Hernández emitió la opinión del Tribunal.

Con fecha once de Abril de mil novecientos dos Don Manuel Argüeso Flores suscribió á favor y á la orden de Da. María Rossner viuda de Dufaut tres pagarés por valor de quinientos dollars cada uno, con el interés del uno por ciento mensual desde la fecha indicada, á vencer el día último de los meses de Marzo, Mayo y Julio del año siguiente, y en once de Agosto del expresado año mil novecientos dos, suscribió otros tres importantes doscientos

dollars cada uno, sin interés, vencederos en 30 de Noviembre y 31 de Diciembre del propio año y 31 de Enero de 1903.

Con tales documentos, en 19 de Agosto del último año expresado, Da. María Rossner, por medio del Letrado Don Juan F. Vías Ochoteco, acudió al Juzgado Municipal de Yabucoa en solicitud de embargo preventivo de bienes pertenecientes al deudor Don Manuel Argüeso hasta cantidad suficiente á cubrir los dos mil trescientos cuarenta dollars á que ascendía la deuda principal con sus intereses hasta dicha fecha, y setecientos dollars más para pago de nuevos intereses y costas; y después formuló demanda ante la Corte de Distrito de Humacao en que alegó la existencia del crédito á su favor ya vencido de dos mil trescientos cuarenta dollars de que le era deudor Argüeso, comprobado por los documentos privados de que se deja hecho mérito, citó como fundamentos legales los artículos 1068, 1124, 1223, 1245, 1075 y 1076 del Código Civil vigente, con la Orden General Número 118, serie de 1899, y concluyó con la súplica de que se condenase al demandado á satisfacer á la demandante los dos mil trescientos cuarenta dollars reclamados por principal é intereses vencidos, los intereses convenidos que se devengaran en lo sucesivo, intereses legales reclamables con arreglo á derecho y costas del litigio.

El Letrado Don Rafael López Landrón á nombre de Don Manuel Argüeso Flores se opuso á la demanda por el fundamento de que los pagarés objeto de la reclamación quedaron sujetos á un contrato posterior de 30 de Marzo de 1903, en el cual la propia acreedora Da. María Rossner aplazó el arreglo de ellos de común acuerdo con el deudor, quedando subordinado el pago al cumplimiento de otras obligaciones que se indican en dicho contrato, no sin declararse implícitamente que el deudor había hecho pagos á cuenta de los créditos reclamados; invocó en apoyo de su derecho los artículos 1124, caso 1o. del 1171

y 1030 del Código Civil; y haciendo uso de las excepciones de novación y de falta de acción pidió se le absolviera de la demanda con imposición de todas las costas á la parte actora.

El contrato que invoca el demandado para comprobar las excepciones opuestas á la demanda aparece consignado en la carta cuyo texto dice así: ''Humacao, Marzo 30 de 1903.—Sra. Doña María Rossner, viuda de Dufaut.—Presente.—Mi estimada amiga: confirmo por la presente nuestra entrevista de esta fecha, así como nuestro convenio, y á continuación aclaro los particulares del estado en que están nuestras cuentas á esta fecha:—Importe de la hipoteca que prometí constituir, $4,000.—Intereses 12 meses al 10 de Abril próximo 1% $480.—Cuatro vales que le tengo suscritos á $500 $2,000.—Intereses sobre la cantidad anterior á la misma fecha $240.—Traspaso á favor de A. Rossner $2,000.—Intereses 12 meses $240.—3 Vales de $200 cada uno, $600.—Intereses sobre los mismos al 10 de Abril próximo $48.—Importe del capital $8,600.—Importe de los intereses $1,008.—Cuya suma de intereses convinimos en amortizarla en la forma siguiente: De contado hoy $108.—En la semana del 6 al 10 de Abril próximo en efectivo $500.—Ocho semanales que enviaré á V. principiando desde el sábado próximo 4 de Abril y á razón de $50 semanales, $400.—Total de intereses, $1,008. *Para el areglo de la hipoteca de $4,000 que estoy compro*metido á otorgarle, queda concertado entre nosotros esperar al mes de Mayo, en que debo yo cancelar una hipoteca que tengo otorgada á favor de De Ford y Ca., y al levantarla, trasmitiré á V, la misma hipoteca, de acuerdo con nuestros convenios de 3 de Julio de 1901 y 11 de Abril de 1902, por la suma de $3,000; bien entendido que tengo yo la facultad y V. el deber de admitirme en pago esa suma en dinero efectivo, en caso de que así me fuere posible, *y en cuanto al resto de los demás documentos á su favor, así como de los $1,000 restantes de la hipoteca, los deja-*

*remos pendientes, hasta tanto yo cumpla con las obliga-
ciones que por la presente me impongo, y cuyos créditos
se irán amortizando en las condiciones que convengamos.*
Por tanto queda entendido entre nosotros, que de aquí en
adelante debo yo entenderme con Don Augusto Rossner
para la liquidación de los $2,000, y que V., de la manera
más solemne, deja sin lugar ni efecto la orden de suspen-
der el pago de esa donación y que me notificó V. durante
el año pasado 1.902 por conducto del Notario Don Her-
minio Díaz Navarro.—Tales son las condiciones conveni-
das entre ambos, á los cuales quedamos obligados y quedo
de usted, señora, atento y s. s.—M. Argüeso.—Conforme
con el contenido de esta carta y firmo en ella como prueba
de nuestro pacto.—María Rossner, viuda de Dufaut.''

La Corte de Humacao en vista de la conformidad de
las partes sobre los hechos y documentos dictó sentencia
en 16 de Agosto del año próximo pasado, cuya parte dis-
positiva dice así:—''Por lo tanto en virtud de la ley y sus
premisas es ordenado y decretado que Doña María Ross-
ner viuda de Dufaut cobre del demandado Don Manuel
Argüeso la suma de dos mil cien dollars con sus intereses
desde el 10 de Abril de 1904 hasta el día en que sea liqui-
dada la deuda que se le condena á pagar como capital, y
las costas del juicio al demandado.''

Contra esa sentencia interpuso la representación de
Don Manuel Argüeso recurso de apelación y en su alega-
to ante esta Corte Suprema expuso como fundamentos
jurídicos de dicho recurso los que á la letra se transcriben
á continuación:

1o.—Inciso 1o. y caso 1o. del artículo 1171 del nuevo
Código Civil. ''Las obligaciones pueden modificarse:
1o. Variando su objeto ó sus condiciones principales.''
No tiene duda que el convenio privado posterior de trein-
ta de Marzo de mil novecientos tres varía las condiciones
principales de las obligaciones aludidas de los pagarés
reclamados.

2o. Artículo 1172 del mismo Código. "Para que una obligación quede extinguida por otra que la sustituya es preciso que así se declare terminantemente, ó que la antigua y la nueva sean de todo punto incompatibles." Esto es lo que sucede en el presente caso: que las dos maneras de pago de uno y de otro documento son incompatibles. No pueden ser simultáneas.

3o. Artículo 1080 del propio Código. "Tan solo será exigible desde luego toda obligación cuyo cumplimiento no dependa de un suceso futuro ó incierto, ó de un suceso pasado, que los interesados ignoren. Este también es el caso: el de una obligación sujeta á condición no ocurrida." ·

Como se vé por lo que se deja expuesto la Corte de Distrito de Humacao sólo condenó á Don Manuel Argüeso al pago del importe de los seis pagarés que motivaron la demanda y que representaban la suma de dos mil cien dollars, condenando también á Argüeso al pago de los intereses de esa suma á contar desde el diez de Abril de 1904, sin que la parte demandante por escrito ú oralmente haya establecido el más ligero reparo contra dicha sentencia ya por lo que atañe al capital ya por lo que· respecta á los intereses que han de ser objeto del pago.

No alega la parte apelante que los pagarés aludidos fueran independientes de los documentos que demandante y demandado convinieron en dejar pendientes hasta tanto que el segundo cumpliera con las obligaciones que se había impuesto en la carta de 30 de Marzo de 1903 después de cuyo cumplimiento los créditos representados por dichos documentos se irían amortizando en las condiciones que ambos convinieran.

No ha justificado Argüeso haber cumplido las obligaciones que en la mencionada carta se impusiera ; y si bien es verdad que los pagarés quedaron pendientes ó en suspenso hasta tanto que Argüeso cumpliera con dichas obligaciones, como ese cumplimiento no llegó á· efectuarse en

el tiempo fijado, es claro que aquél carece de derecho para pretender que el pago de los documentos continúe prorrogado ó aplazado por tiempo indefinido.

Carecen de aplicación al caso los artículos 1171 y 1172 del Código Civil que en el alegato se suponen infringidos, pues las obligaciones contraídas en los pagarés no fueron modificadas en su objeto ó condiciones principales ó sustituidas por otras mediante la carta de 30 de Marzo de 1903, sino que dejaron de ser exigibles ó quedaron en suspenso hasta tanto que Argüeso cumpliera en tiempo determinado las obligaciones que se impuso en dicha carta siendo contrario al texto y espíritu de la misma sostener que los pagarés ú obligaciones se novaron sustancialmente, pues ambas partes estipularon que quedaban pendientes y los créditos por ellos representados se irían amortizando en las condiciones que pactaron cuando Argüeso hubiera cumplido con las obligaciones que se había impuesto.

Repetimos que la novación indicada por el apelante no existió, pues la novación según el artículo 1124 del Código Civil es un medio de extinguir las obligaciones y las que Argüeso contrajo en los pagarés no fueron extinguidas ó sustituidas por otras, sino que quedaron pendientes ó en suspenso hasta que Argüeso cumpliera otras que respecto de otros créditos distintos se había impuesto.

Tampoco ha sido infringido el artículo 1080 del Código Civil en el concepto que supone el apelante, pues no se trata de obligaciones cuyo cumplimiento dependiera de un suceso futuro ó incierto, sino de obligaciones puras que quedaron en suspenso por gracia de una de las partes hasta que la otra cumpliera obligaciones que se impuso y que no cumplió en tiempo determinado, habiendo quedado por tanto sin efecto esa suspensión y en libertad el acreedor para exigir al deudor el cumplimiento de las obligaciones.

Por las razones expuestas procede se confirme la sen-

tencia apelada de 16 de Agosto de 1904 con las costas del recurso también á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.