Oscar Armstrong, demandante y apelado, *v.* Eduardo Flores Colón y José Pilar González, demandados y apelantes.

No. 3654.—*Visto:* Diciembre 1, 1925. *Resuelto:* Abril 26, 1926.

Novación—Extinción de una Obligación por Otra—Sustitución e Incompatibilidad.—Un documento notarial que no es otra cosa que un reconocimiento —con una garantía adicional—de una obligación anterior (pagaré) sin que aquél sustituya expresamente a ésta ni exista incompatibilidad alguna entre los dos documentos, no habiendo modificación alguna en la obligación original, excepción de una prórroga implícita del término, no equivale a una novación de dicho contrato original.

Sentencia de *Rafael Díaz Cintrón,* J. (Ponce), declarando con lugar demanda sobre cobro de dinero, con costas. *Confirmada.*

*Felipe Colón Díaz,* abogado de los apelantes; *R. V. Pérez Marchand,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El pagaré que sirvió de base a la sentencia apelada es como sigue:

"Por $640.00.—Para el 6 de junio, 1922.—Pagaremos mancomu-

nada y solidariamente a la orden de don Oscar Armstrong, la suma de seiscientos cuarenta dollars, el día seis de junio de mil novecien- tos veinte y dos, en esta ciudad de Ponce, sin falta, excusa ni pre texto alguno. Al fiel cumplimiento de esta obligación sometemos todos nuestros bienes y nos comprometemos al pago de costas, gas- tos y honorarios de abogado, en caso que el tenedor de este docu- mento tuviere que proceder por la vía judicial para su cobro. Se conviene que esta obligación, devengará desde hoy hasta su com- pleto pago intereses a razón de diez por ciento anual.—Ponce, di- ciembre 6, 1921.—(f) José P. González.—(f) Ed. Flores Colón.

"Affidavit No. 3830.—Suscrito ante mí por don Eduardo Flores Colón y don José Pilar González, mayores de edad, propietarios y vecinos de Ponce a quienes doy fe conocer personalmente hoy en Ponce a seis de diciembre de 1921.—(f) M. Alberto Salicrup, No- tario Público."

El señalamiento de error que hace el apelante es el si- guiente:

"1⁰. La Corte erró al declarar que no existía novación por no atemperarse al art. 1172 del Código Civil, lo contenido en la escri- tura como prueba."

El documento que alega el apelante equivale a una nova- ción del contrato, dice:

"Reconocimiento de deuda. Número diez y siete.—En Ponce, Puerto Rico, a diez y ocho de enero de mil novecientos veinte y tres, ante mí, M. Alberto Salicrup, Notario Público con vecindad en esta ciudad.—Comparecen: Don Eduardo Flores Colón, casado, mayor de edad, abogado y vecino de Ponce, y Don Oscar Armstrong y Rieder, soltero, mayor de edad, propietario y también vecino de Ponce.

"Conozco personalmente a los comparecientes y teniendo a mi juicio la capacidad legal necesaria para este acto, dicen:

"Primero: Que el señor Flores Colón debe al señor Armstrong un pagaré de seiscientos cuarenta dólares con más los intereses de- vengados de acuerdo con dicho documento y treinta dollars más de gastos, cuya deuda reconoce en este acto el señor Flores.

"Segundo: Que el mismo señor Flores tenía asegurado en la compañía Niagara Fire Company los edificios y maquinarias de una finca agrícola en Barros, los cuales fueron destruídos por un

incendio, figurando entre los seguros una póliza número 14375 por la suma de siete mil quinientos dollars.

"Tercero: Que con el fin de garantizar al señor Armstrong, el señor Flores consiente en que la Compañía, y en su representación don Angel M. Mayoral como agente de la misma, al expedir cheque a favor del señor Flores por la indemnización que proceda, retenga el cheque y lo entregue al señor Armstrong para que se haga pago de lo que se le adeuda por razón del expresado pagaré, intereses y gastos, queriendo que de esta escritura se notifique al señor Mayoral, a los efectos procedentes.

"Así lo dicen ante los testigos, vecinos de esta ciudad y libres de tacha a mi juicio don Américo Ródríguez y don Armando Peña.— Y leída esta escritura por mí el notario a los otorgantes y a los testigos, la firman por ante mí, que de todo lo contenido en la misma doy fe. Eduardo Flores Colón.—Oscar Armstrong.—Américo Ródríguez.—Armando Peña.— Signado: M. Alberto Salicrup.—Rubricado.—Hay adherido y cancelado un sello de un dollar.—El mismo día, teniendo ante mí a don Angel Mayoral, casado, mayor de edad, agente de la compañía Niagara Fire Company y vecino de Ponce, a quien conozco personalmente, le notifiqué el anterior documento y le di copia; firma y doy fe. Angel M. Mayoral.—M. Alberto Salicrup.—Rubricado.—Hay adherido y cancelado un sello de un dollar.

"Es copia conforme con su original bajo mi custodia. En fe de ello y para don Angel Mayoral la expido en Ponce el mismo día del otorgamiento.—(f) M. Alberto Salicrup.  (Sello.)"

Respecto a la cuestión de novación el juez sentenciador en su relación del caso y opinión, dijo:

"Como se ve, pues, la cuestión a resolver por esta Corte es si existe la novación tal como es alegada por la parte demandada.— Por novación se entiende el acto de sustituir o cambiar una obligación por otra, la cual puede extinguir o modificar la primera. Según el texto del art. 1172 de nuestro vigente Código Civil, para que una obligación quede extinguida por otra que la sustituya, es preciso que así se declare terminantemente.—Es nuestro criterio en estos casos, ya que el acto de la novación puede ser expreso o tácito, sin que esté la primera sometida a emplear una fórmula precisa que la represente y constituya, necesario es atender ante todo al sentir de las partes contratantes para producir el vínculo contractual en que quedaren, como requiere la ley, las partes sometidas.—Por ello, pues, y haciendo referencia al apartado tercero de la ameritada es-

critura, el cual anteriormente se ha copiado, hemos de declarar, que según nuestro criterio y el alcance que a tal cláusula le damos, se trata de un cambio de forma en la obligación para darle otra autenticidad, lo que no envuelve novación posible.—Que se trata de un aplazamiento acaso habido por el deudor o deudores y concertado entre las partes, lo cual tampoco constituye novación propiamente dicho, según el espíritu que enunciamos y de acuerdo con las sentencias de 3 de Febrero de 1862, 20 de Noviembre de 1878 y 10 de Febrero de 1883, del Tribunal Supremo de España.—Y finalmente hemos de afirmar que tales expresiones así consignadas en la referida cláusula tercera de la indicada escritura, no contienen la declaración terminante que exige el art. 1172 de nuestro vigente Código Civil.''

El artículo 1172 del Código Civil dispone lo siguiente:

''Para que una obligación quede extinguida por otra que la substituya, es preciso que así se declare terminantemente, o que la antigua y la nueva sean de todo punto incompatibles.''

No solamente no hubo ninguna substitución expresa en el presente caso, sino que tampoco existió incompatibilidad alguna entre los dos documentos. Ni la compañía de seguros ni su agente asumieron obligación alguna, ni tampoco se impuso ninguna a cualquiera de ellos. El documento notarial no es más ni menos de lo que demuestra ser, o sea, un reconocimiento de una obligación anterior y como garantía adicional de la misma una autorización para la entrega de un cheque que iba a expedirse, al ser expedido, sin ninguna obligación por parte del que había de expedirlo o de su agente, de entregarlo al acreedor del librado y no al propio librado.

Con excepción de una prórroga implícita del término no hubo modificación alguna en la obligación original.

El error, si alguno hubo, en la opinión del juez sentenciador es que en ella se admite demasiado. En tanto asume que los dos documentos son compatibles, acepta un hecho evidente por sí mismo.

*Debe confirmarse la sentencia apelada.*