G. Llinás & Co., S. en C., demandante y apelada, *v.* Sucn. Mariani Bartoli, compuesta de Esther María Clotilde, Laura María, María Magdalena de las Mercedes, Clara María, María Monserrate del Carmen y Blanca María Mariani Bartoli como herederas de sus padres Antonio Mariani Cuprill y Alfonsa Bartoli y de su hermano William Francis Mariani Bartoli, demandada y apelante.

No. 6152.—*Sometido:* Diciembre 6, 1933. *Resuelto:* Septiembre 29, 1934.

*González Fagundo & González, Jr.,* abogados de la apelante; *F. Zapater,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La sucesión demandada apeló la sentencia que en este caso la condena a pagar a la demandante determinada cantidad de dinero.

En la demanda inicial que fué presentada en diciembre de 1930 se alegó que la demandante había estado facilitando dinero y provisiones a la sucesión demandada para refacción

de sus fincas rústicas, siguiendo entre ambas partes una cuenta corriente que liquidada el 31 .de diciembre de 1929 arrojó un saldo a favor de la demandante de $6,548.87, que fué aceptado por la demandada: que por convenio de las partes ese saldo devengaría el interés de 12 por ciento anual desde la fecha de su liquidación y que esa deuda no ha sido pagada.

Más de un año después, en 23 de marzo de 1932, en una demanda complementaria reprodujo la demandante los hechos de su demanda anterior y expuso, además, los siguientes: que después de radicada la demanda las partes en el litigio otorgaron escritura pública el 2 de abril de 1931 en la que manifestaron que como resultado de la cuenta corriente liquidada el 31 de marzo de 1931 la sucesión adeudaba a G. Llinás & Cía., S. en C., la cantidad de $7,416.41 por la que pagarían intereses al 10 por ciento anual a partir del 15 de marzo de 1931: que los deudores se comprometieron a satisfacer esa deuda en dos años, pagando el 15 de marzo de 1932 la mitad del capital debido y el total de los intereses adeudados hasta entonces y el restante capital y sus intereses un año después: que para garantía del pago de los $7,416.41 y sus intereses la sucesión constituyó en la misma escritura hipoteca a favor de su acreedor sobre cierta finca cuya descripción se hace: que en la mencionada escritura se convino en que G. Llinás & Cía., S. en C., solicitaría el archivo y sobreseimiento del pleito que había incoado y el levantamiento de los embargos trabados, después de haber sido inscrita la hipoteca en el registro: que llegado el 15 de marzo de 1932 no fueron pagados a la demandante los intereses ni el plazo vencidos en dicho día: que la demandada no inscribió la hipoteca ni ha podido ser inscrita por la demandante por no estar inscrita la finca a nombre de los hipotecantes, cuyo título no ha podido inscribirse por no haber satisfecho los demandados la contribución de herencia: y que los demandados han sido requeridos infructuosamente para que verifiquen la inscripción de la hipoteca por lo

que por falta del cumplimiento del convenio contenido en la escritura la demandante opta por continuar su pleito.

Desestimada por la corte de distrito la excepción opuesta por los demandados a esa demanda complementaria la contestaron aceptando todos los hechos en ella alegados y adicionando como defensas que la demanda complementaria no aduce hechos suficientes para determinar una causa de acción y que la obligación que sirve de base a la demanda original ha sido extinguida por el contrato convenido en la escritura de 2 de abril de 1931.

Solicitada por la parte actora sentencia a su favor por las alegaciones porque la contestación admite todos los hechos de la demanda complementaria y porque las defensas aducidas carecen de mérito recayó sentencia declarando con lugar la demanda complementaria y condenando a los demandados al pago de los $7,416.41 reclamados, más sus intereses al tipo del 10 por ciento anual.

Alega la sucesión apelante que la corte inferior cometió error al declarar sin lugar la excepción previa aducida por no contener la demanda complementaria hechos suficientes para determinar una causa de acción y al dictar sentencia por los méritos de las alegaciones. Los argumenta conjuntamente exponiendo que la demanda complementaria es improcedente porque contiene una nueva causa de acción, ya que se funda en un reconocimiento de deuda hecho en escritura pública mientras que la demanda original se basó en una cuenta corriente liquidada de conformidad; y que no aduce hechos determinantes de causa de acción porque la obligación original quedó extinguida por la novación que contiene la escritura que menciona.

La demanda complementaria no aduce una nueva causa de acción distinta a la reclamada en la demanda original porque ambas se refieren a la cuenta corriente tenida por la demandante y la demandada, que fué liquidada en 31 de diciembre de 1929 y que luego fué liquidada nuevamente al

otorgarse la escritura para agregar los intereses debidos hasta entonces.

■■ Es cierto que de la escritura relacionada en la demanda complementaria aparece que se concedió a la demandada plazo para pagar la deuda reconocida en ella como consecuencia de la liquidación hecha hasta ese día, pero fué condicionada a que la hipoteca constituída en el mismo día para garantizar el pago del saldo fuese inscrita en el registro de la propiedad; pero como esto no ha podido hacerse por no haber podido inscribir la demandada su título de propiedad a causa de no haber pagado la contribución de herencia, resulta claro que el plazo ha quedado sin efecto de acuerdo con el artículo 1096 del Código Civil, según el cual perderá el deudor todo derecho a utilizar el plazo cuando no otorgue al acreedor las garantías a que estuviere comprometido. La obligación reclamada en la demanda original y la exigida en la demanda complementaria no son incompatibles, pues son la misma obligación, ya que proceden de la misma causa; sin que la prórroga que se concedió según la demanda complementaria, y que era condicionada, equivalga a novación, según ha declarado este tribunal en los casos de *Argüeso* v. *Rossner,* 8 D.P.R. 245, y de *Armstrong* v. *Flores Colón,* 35 D.P.R. 339.

*Por lo expuesto la sentencia apelada debe ser confirmada.*